UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:24CR151 (MPS) |
| v. | VIOLATION: |
| DYLAN MEISSNER | 18 U.S.C. § 1343<br>(Wire Fraud) |

INFORMATION

The United States Attorney charges:

COUNT ONE
(Wire Fraud)

### Background

1. At all relevant times, Company A, whose identity is known to the United States Attorney, was a cryptocurrency research firm that provided research and analysis about cryptocurrency to individuals and entities that paid for subscriptions. Subscriptions could be paid for in United States dollars or cryptocurrency.

2. The defendant, DYLAN MEISSNER, began employment with Company A on or about October 4, 2021, as Vice President of Finance. In that capacity, MEISSNER was responsible for, among other things, creating head count budgets, working on policy compliance, and handling Company A expenses. In order to perform his job, MEISSNER was entrusted with access to Company A's cryptocurrency wallets and bank accounts.

3. In or about late January 2022, MEISSNER obtained a 50 Ethereum (just over $170,000) loan from Company A, with the stated intent to use the funds in an attempt to avoid a substantial loss in certain cryptocurrency investments MEISSNER had made using his personal funds. MEISSNER has not repaid that loan.

## The Scheme

4.  Beginning on or about February 2, 2022, until his termination on November 10, 2022, in the District of Connecticut and elsewhere, the defendant, DYLAN MEISSNER, knowingly and with the intent to defraud, devised and engaged in a scheme to defraud Company A, and to obtain money and property of Company A by means of materially false and fraudulent pretenses, representations, and promises, and in the furtherance of that scheme caused the use of interstate wires. The object of the scheme was for MEISSNER to enrich himself at Company A's expense, including to cover and recoup his personal cryptocurrency trading losses.

## Manner and Means

5.  It was part of the scheme and artifice that MEISSNER engaged in the following activities, among others.

6.  Beginning in approximately February 2022, MEISSNER began to fraudulently divert Company A funds to his own personal use, without Company A's knowledge or authorization, in a further attempt to counteract significant personal trading losses, and then covered up his diversions through false entries in the Company A books and records. MEISSNER executed the scheme in multiple ways.

7.  First, MEISSNER misappropriated payments to Company A from its affiliate company. MEISSNER would record the payments in the Company A ledger as having come in from its affiliate company, but instead would transfer the funds to a cryptocurrency wallet MEISSNER controlled.

8.  Second, MEISSNER diverted funds that were intended for Company A analyst bonuses. MEISSNER would record the payments in the Company A ledger as having

been made to the analysts, but instead would divert the money to himself. MEISSNER would then make up reasons to the analysts as to why Company A could not pay their bonuses.

9. Third, MEISSNER would double the amount of payment owed to a vendor in Company A's ledger, and then he would take half of the payment for himself and remit the other half to the vendor.

10. And fourth, MEISSNER would pretend to consolidate smaller Company A cryptocurrency wallets that contained so-called cryptocurrency "dust"—small amounts of cryptocurrency that are the byproduct of other transactions—but instead took the funds from these wallets for himself.

11. In total, MEISSNER stole approximately $4,461,828.24 from Company A as described above. Including the additional $171,596.75 that Company A loaned him, MEISSNER caused $4,633,424.99 in losses to Company A.

## Execution of the Scheme

12. On or about September 1, 2022, in execution of the scheme and artifice, in the District of Connecticut and elsewhere, MEISSNER caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, that is, MEISSNER, while in the District of Connecticut, initiated an interstate electronic transfer of $150,000 worth of cryptocurrency from a Company A cryptocurrency wallet to a wallet controlled by MEISSNER.

All in violation of Title 18, United States Code, Section 1343.

UNITED STATES OF AMERICA

*Vanessa Roberts Avery* /MHS/
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY